Jeffrey L. Fazio (146043) (jfazio@dehengsv.com)
Yi Yao (292563) (yyao@dehengsv.com)
**DeHeng Law Offices**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

Attorneys for Plaintiff Jun Wu

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JUN WU, individually and on behalf of all others similarly situated, <br><br>vs.<br><br>RUIXUE SHI, aka SERENA SHI, an individual, GLOBAL HOUSE BUYER LIMITED, a P.R.C. company, COACHELLA VALLEY HOTEL, LLC a California limited liability company, HYDE MORGAN DEVELOPMENT LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>    Defendants. | **No. 20-cv-11799**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jun Wu, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to Plaintiff's own conduct and experience, and on information and belief as to all other matters based on an investigation by Plaintiff and his counsel:

## INTRODUCTION

1. In 2015, Defendant RuiXiu "Serena" Shi conceived of a scheme to defraud investors by offering to sell units in a luxury hotel and condominium project that would be built on 47 acres of land in Coachella, California, called Hyde Hotel and Residences Coachella Valley in Coachella, California (the "Coachella Project") at prices that ranged from $400,000 to $700,000 per unit.

2. Defendants told prospective investors that they could buy a unit at the Coachella Project by paying 40% of the purchase price of the total purchase price as a down payment, that Defendants would help each investor pay the balance through financing, and that Defendants would lease back the units from investors for a term of five, 10, 15, or 20 years.

3. Plaintiff Jun Wu and approximately 100 other investors believed Defendants' pitch and paid a total of more than $26 million, only to discover that the 47-acre parcel of land on which the Coachella Project was to have built was not owned by Defendants, that not a single unit had been built, and that not one cent of the investors' money was put in escrow, but was instead secreted away in one bank account after another in an effort to deprive investors of any possibility they would get their investments back.

4. In an apparent effort to keep them as quiet as possible, Defendant Shi entered into separate agreements with investors who demanded their money back—which she also failed to honor.

-2-
20-cv-11799
CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

5. Since then, the Federal Bureau of Investigation has arrested Shi and charged her with criminal fraud in connection with the scam she perpetrated on investors in the Coachella Project.

6. By this action, Plaintiff Wu seeks to recover the funds he and each of the other investors paid Defendants after entering into purchase-and-sale agreements with Defendants for the purpose of investing in the Coachella Project, and to recover the more than $20 million in funds that Defendants owe Plaintiff and the proposed Class as a result of breaching those agreements.

## PARTIES

7. Plaintiff Jun Wu is a resident of Hunts Point, Washington.

8. Defendant Global House Buyers Limited ("GHB") is a limited Chinese private company, organized and existing under the Laws of Hong Kong, Peoples Republic of China (P.R.C.), with its principal place of business located in Kowloon, Hong Kong, P.R.C.

9. Defendant Hyde Morgan Development, LLC ("Hyde Morgan") is a Delaware limited liability company whose principal place of business is Beverly Hills, California.

10. Defendant Coachella Valley Hotel, LLC ("CVH"), is a California limited liability company whose principal place of business is Beverly Hills, California.

11. Defendant RuiXiu "Serena" Shi is a citizen of the People's Republic of China who resides in Beverly Hills, California, and is the president and owner of Defendant GHB, the Chief Executive Officer of Defendant Hyde Morgan, and the managing member of Defendant CVH.

12. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 10, are unknown to Plaintiff who therefore sues these Defendants by

fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities as soon as they are ascertained. Plaintiff further alleges, on information and belief, that each of these fictitiously named Defendants is responsible in some manner for the acts alleged herein.

13. Each of the Defendants named herein was the agent and co-conspirator of the other Defendant, and at all times relevant hereto, each Defendant was acting with the course and scope of their agency and in furtherance of Defendants' agreement to perpetrate a conspiracy to defraud Plaintiff.

14. At all times relevant to the matters alleged herein, Defendants, and each of them, were the agents, successors, partners, and/or alter egos of each other, with such unity of ownership, management, interest, and control that they should be considered a single enterprise.

## JURISDICTION AND VENUE

15. This Court has diversity jurisdiction over the claims asserted herein on behalf of the proposed class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by the Class Action Fairness Act ("CAFA"). CAFA jurisdiction is proper because

    a. the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; the proposed class includes more than 100 members, many of whom reside in the People's Republic of China and more than one of whom resides in a state other than California; and

    b. Defendants have purposefully availed themselves of the privilege of conducting business activities within the State of California, where all but one Defendant resides or maintains their principal places

of business, and where Defendants have engaged in the unlawful conduct alleged in this Complaint.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391 because Defendants transact business within this district, a substantial part of property that is the subject of the action is situated in this district, and all but one of the Defendants reside in this district.

## GENERAL ALLEGATIONS

17. Defendant Shi used GHB—which, like Hyde Morgan and CVH (collectively, the "Entity Defendants"), Shi dominated and controlled—to market and solicit investors to buy condominium units at the "Palm Springs Luxury Hotel Investment Project" (the "Coachella Project"), a 47-acre resort and condominium project located in Coachella Valley, California, which was ostensibly owned and operated by Hyde Morgan.

18. According to marketing material distributed by Defendants, the Coachella Project would include more than 250 luxury condominiums that ranged in price between $400,000 and $700,000 per unit.

19. To persuade them to invest in the Coachella Project, Defendants told Plaintiff and other prospective investors that they need only pay 40% of the total purchase price of a condominium unit as a deposit and that GHB would help investors to pay the remaining balance through a loan from banks in the United States. Plaintiff and other prospective investors were also told that Hyde Morgan would (a) lease the condominium units back from the investors; (b) guarantee each investor an annual payment equal to 12% of the total purchase price during the lease-back period (which was a minimum of five years); and (c) repurchase the condominium units from each inventor when the lease-back period expired.

20. Defendants also represented to prospective investors that they had purchased three parcels of land (totaling 47 acres) that the Coachella Project would occupy, that the land was sufficient to accommodate the Coachella Project, that they had acquired all necessary city approvals and permits for construction, and that they estimated that the construction of the Coachella Project would be completed by the end of 2016.

21. Shi employed a variety of methods to promote the Coachella Project in China. Among other things, Shi caused Hyde Morgan to issue press releases announcing that Defendants had partnered with a major luxury hotel and nightlife chain, SBE Entertainment; to obtain celebrity endorsements for the Coachella Project; to release radio advertisements about the Coachella Project; to distribute promotional messages through WeChat, a Chinese social media application; and Shi herself gave in-person sales presentations to prospective investors at luxury hotels.

22. Plaintiff became aware of the opportunity to invest in the Coachella Project in or about May 2016. Plaintiff contacted a salesperson to learn more about the project and was invited to a sales presentation in Beijing. Plaintiff attended the sales presentation in September 2016.

23. During the 2016 sales presentation, Shi promoted the Coachella Project by making the following representations:

    a. that investors need only pay a deposit equal to 40% of the total purchase price of a condominium unit and that the rest of the remainder would be paid by a loan that GHB would help investors obtain;

    b. that Hyde Morgan had purchased three parcels of land sufficient to accommodate the Coachella Project and obtained all necessary approvals and permits from the City of Coachella;

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

c. that GHB would serve as the developer of the Coachella Project;

d. that the Coachella Project would be substantially completed by December 31, 2016;

e. that Hyde Morgan would lease back the condominium units from the investors and guarantee an annual payment equal to 12% of the purchase price, and that investors would receive the first payment in January 2017;

f. that Hyde Morgan would buy back the condominium units from investors at 70% of their original purchase price if the buy-back occurred between year 6 and year 10 from the effective date of the purchase agreement; at 80% of the purchase price if the buy-back occurs between year 11 and year 15; at 90% of the purchase price if the buy-back occurred between year 16 and year 19; and at 100% of the purchase price if buy-back occurred in year 20;

g. that funds from investors would be held in an escrow account pending disbursement on appropriate project expenditures; and

h. that Defendants had secured agreements with top-tier companies specializing in architectural design, construction, and hotel management to assist with the Coachella Project.

24. As they sold condominium units, Defendants instructed investors to wire money to accounts controlled by Shi, including, but not limited to, those that were held in the name of CVH and GHB. Shi represented to prospective investors that the funds would be used solely for the Coachella Project.

25. In reality, Shi had used the investors' funds to pay for her lavish lifestyle, which included, among other things, the following:

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

a. spending approximately $2.2 million with Element Lifestyle, LLC, a company that provides luxury travel and concierge services;

b. spending approximately $787,000 with Deanna Zaccari Lifestyle Design, a full-service styling agency in Beverly Hills, California;

c. spending $294,498.65 to purchase two Mercedes Benz automobiles;

d. spending $132,995 with Valentino USA, Inc., a high-end clothing designer;

e. making a $250,000 deposit toward the purchase of a condominium in Beverly Hills;

f. making a $40,000 rental deposit toward the purchase of a condominium in Beijing, followed by a payment in an unknown amount toward the purchase of the same condominium;

g. making a $75,000 initial purchase deposit toward vacant land in Pasadena, California;

h. paying $15,000 for tickets to the 2016 Grammy Awards; and

i. transferring $1,000,000 to an account in Hong Kong in the name of Cui Yue, a personal acquaintance of Shi, for unknown purposes.

26. In a document titled "Resort Condominium Purchase and Sale Agreement" (the "Purchase Agreement") (a true and correct copy of which is attached hereto as **Exhibit 1**[1]), Hyde Morgan (the "Seller") stated that

---

[1] Appended to the Purchase Agreement as Exhibits A and B, respectively, are an Exclusive Resort Condominium Buy-Back Agreement (the "Buy-Back Agreement") and a Form of Agreement of Lease-Back (the "Lease-Back Agreement"), which included the terms described in paragraph 23.e. and 23.f., above

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

it *estimated* that construction of the Coachella Project would be substantially complete by December 31, 2016, and that escrow would close after Hyde Morgan obtained a temporary, partial, or permanent certificate of occupancy for the condominium unit. *See* Ex. 1 ¶¶ 6, 8.

27. Shi later informed investors that construction was delayed and would begin on March 27, 2017. In actuality, construction never started because Defendants never purchased all three parcels of land where the Coachella Project was to have been built.[2]

28. Shi also represented to investors that Hyde Morgan would lease back the condominium units and guarantee an annual payment for at least five years. In reality, the investors never received any lease-back payments because the Coachella Project was never built.

29. Unaware that Defendants had been misusing investor funds and had not purchased the land on which the Coachella Project was to be built, Plaintiff entered into a Purchase Agreement with Hyde Morgan on September 20, 2016. Shortly thereafter, Plaintiff wired $180,000 (*i.e.*, 40 percent of the total purchase price) to GHB's bank account in China.

30. In February 2017, Plaintiff visited the site of the Coachella Project and discovered that construction had yet to begin. Accordingly, Plaintiff sought to terminate the Purchase Agreement and demanded a full refund.

---

[2] Although Shi signed three separate contracts to purchase land on which the Coachella Project was to be built, she abandoned two of the contracts by failing to pay the purchase price. As a result, the sellers cancelled the purchase agreement. The other parcel is "landlocked" and has no ingress or egress to a major thoroughfare, and the City of Coachella stated that it would not approve any construction permits until all parcels of land contemplated for use in the project were under joint ownership. Because Shi never acquired the other two parcels, Shi could not obtain construction permits in any event.

31. In early 2017, Plaintiff became aware that many other investors in the Coachella Project had become concerned about their investments as well, and that they had contacted Shi to determine the status of the Coachella Project.

32. In response to those inquiries, Shi (through GHB) circulated a document to all investors on March 9, 2017, which advised them that the Purchase Agreement had been "updated" to include new terms, including the following: (a) CVH replaced Hyde Morgan as the Seller, purportedly because CVH was the entity that had purchased the land on which the Coachella Project would be built; (b) a provision of the Purchase Agreement pertaining to the developer of the Coachella Project (GHB) buying back condominium units from investors was modified to require investors to make a demand on GHB to buy back the units; (c) a provision that gave GHB the right to buy back the units before the end of the minimum five-year lease-back period; (d) a provision that gave GHB the right to obtain deeds of trust for all three parcels of land on which the Coachella Project was to be built until March 15, 2017; and (e) a provision that allowed construction to begin on March 27, 2017.

33. Shi also offered to refund investors' money if they agreed to execute a "Confidential Termination Agreement and General Release" (the "Termination Agreement"). The Termination Agreement provided that the Purchase Agreement would terminate, and that Hyde Morgan would refund the investment funds, within 45 business days after execution.

34. Plaintiff executed a Termination Agreement on May 10, 2017 (a true and correct copy of which is attached hereto as **Exhibit 2**).

35. To date, Plaintiff has not received a refund and is informed and believes that none of the more than 100 other investors who executed Purchase Agreements has received a refund, either.

36. On June 17, 2020, a criminal complaint was filed against Shi, charging that Shi had committed wire fraud in violation of 18 U.S.C. §1343. Shi was arrested by FBI and later released on bond.

## TOLLING OF STATUTES OF LIMITATIONS

37. Any applicable statutes of limitation have been tolled by Defendants' knowing and active concealment, denial and/or misleading actions with respect to the facts alleged herein. Defendants have kept Plaintiff and proposed Class members ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiff and the other Class members could not reasonably have discovered the true facts about the Coachella Project, or what the Defendants knew about any of the issues and facts alleged herein.

38. Defendants were under a continuous duty to disclose to the Plaintiff and the other Class members the true character, quality, and nature of investments in the Coachella Project. Plaintiff is informed and believes that Defendants knowingly and affirmatively misrepresented and actively concealed the information alleged herein, and the concealment is ongoing. Accordingly, Defendants are estopped from relying on any statute of limitation in defense of this action. The claims for relief alleged herein did or will accrue only upon discovery of the truth about the Coachella Project and Defendants' fraudulent concealment thereof. Because, among other things, Defendants took steps to affirmatively misrepresent and to conceal the truth about the Coachella Project, Plaintiff and the other Class members did not discover, and could

not have discovered through the exercise of reasonable diligence, the need to question the veracity of Defendants' representations or discover the other information alleged herein.

## **VEIL-PIERCING ALLEGATIONS**

39. At all times relevant to this Complaint, Shi has been the sole principal of each of the Entity Defendants (GHB, Hyde Morgan, and CVH). Shi has used her status to dominate and control the Entity Defendants to such an extent that the Entity Defendants' independent existence was in fact non-existent and Shi was in fact their alter egos. Shi commingled these entities' assets and used their limited-liability status as mere instrumentalities for personal benefit and other improper and misleading purposes, such as frustrating creditors to the detriment of and injury to Plaintiff and members of the proposed Class.

40. As explained in the sworn affidavit one of FBI Special Agent Patrick Feders, Shi has used her control of the Entity Defendants and other California limited liability companies as a means of carrying out her fraudulent scheme to solicit investments—"directly or through the use of GHB / HYDE MORGAN marketing materials." *United States of America v. Shi,* No. 2:20-mj-02807 (C.D. Cal.), ECF No. 1 ¶¶ 10-15.

## **CLASS ALLEGATIONS**

41. Plaintiff brings this lawsuit as a class action on behalf of himself and all other persons similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

42. The proposed Class is defined as follows: All persons who invested in the Coachella Project by way of a Purchase Agreement. Excluded from the proposed Class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees; the Court and its staff; and any investor in the Coachella

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Project who has entered into an enforceable agreement to settle, waive, or otherwise resolve their claims against Defendants.

43. Plaintiffs reserve the right to modify or amend the definitions of the proposed Class before the Court determines whether class certification is appropriate.

44. The Class satisfies the requirements of Rule 23(a), as well as 23(b)(3).

45. The Class is composed of more than 100 individual investors throughout the United States, China, and other parts of the world. The proposed class is, therefore, so numerous and geographically dispersed that joinder of all members in a single action is impracticable.

46. The individual Class members are ascertainable, as the names and addresses of all Class members can be identified in the business records maintained by Defendants and, possibly, the FBI.

47. Defendants have acted with respect to Plaintiff and proposed Class members in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all proposed Class members. The questions of law and fact common to the class predominate over the questions that may affect individual proposed Class members include, but are not limited to, the following:

  a. whether Shi, Hyde Morgan, and CVH breached the Purchase Agreements;

  b. whether Shi and GHB aided and abetted the breaches of the Purchase Agreements;

  c. whether Defendants have violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

|   |   |
|---|---|
| 1 | d. whether Defendants have violated the False Advertising |
| 2 | Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and |
| 3 | e. whether Defendants have been unjustly enriched as a |
| 4 | result of their unlawful, deceptive, and unfair conduct. |

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF—BREACH OF CONTRACT

48. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 47, above, as though fully set forth herein.

49. This claim for relief is against Defendants Shi, Hyde Morgan, and CVH.

50. Shi entered into Purchase Agreements on behalf of Hyde Morgan or CVH with Plaintiff and each member of the proposed Class at various times in 2015 and 2016.

51. Plaintiff and members of the proposed Class did all of the significant things that the Purchase Agreement required them to do.

52. All conditions required for Plaintiff and members of the proposed Class's performance had occurred when they provided Defendants with the agreed-upon funds.

53. Notwithstanding the promises made in the Purchase Agreements, Defendants breached their obligations under the Purchase Agreement, which Defendants have not even attempted to cure.

54. As a proximate result of Defendants' breaches of contract, Plaintiff and members of the proposed Class have been damaged in amounts that will be proven at trial.

## SECOND CLAIM FOR RELIEF—
## AIDING AND ABETTING BREACH OF CONTRACT

55. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 54, above, as though fully set forth herein.

56. This claim for relief is against Defendants Shi and GHB.

57. As alleged in the First Claim for Relief, above, Shi, Hyde Morgan, and CVH had obligations to Plaintiffs and members of the proposed Class by virtue of entering into binding Purchase Agreements with them.

58. Shi and GHB, with knowledge of those obligations, aided and abetted, provided substantial assistance, and encouraged those breaches of fiduciary duty.

59. As a proximate result of Defendants' conduct, Plaintiff and the members of the proposed Class have been damaged in amounts that will be proven at trial.

60. By engaging in the conduct alleged herein, Defendants acted reprehensibly, in blatant violation of the law and public policy. Moreover, Defendants acted willfully, with the intent to injure Plaintiff and members of the proposed Class with a conscious and intentional disregard of their rights, which entitles them to an aware of punitive and exemplary damages.

## THIRD CLAIM FOR RELIEF—VIOLATIONS
## OF THE FALSE ADVERTISING LAW

61. Plaintiffs hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 60, above, as though fully set forth herein.

62. This claim for relief is against all Defendants.

63. The conduct described herein constitutes untrue or misleading advertising in violation of the FAL, which provides that it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

64. As alleged above, Defendants engaged in false advertising as a means of luring investors into sham investments in the Coachella Project notwithstanding that Defendants knew that they had not purchased the land on which the project was to have been built and had no intention of building the Coachella Project in the first place. Instead, Shi and the Entity Defendants collected those funds and Shi spent large amounts of it on luxuries for herself.

65. As a direct and proximate result of Defendants' conduct, Plaintiff and members of the proposed Class have been deprived of money and property as a result of having purchased condominium units by entering into Purchase Agreements, and Defendants have been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.

## FOURTH CLAIM FOR RELIEF—VIOLATIONS OF THE UNFAIR COMPETITION LAW

66. Plaintiffs hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 65, above, as though fully set forth herein.

67. This claim for relief is against all Defendants.

68. By committing the acts and practices alleged in this Complaint, Defendants have violated California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200-17209, which is a strict liability statute, making it unnecessary to show that Defendants intended to

injure or harm anyone. Plaintiff alleges that Defendants violated the unlawful and unfairness prongs of the UCL.

  a. **Unlawful Conduct**: As a result of engaging in the conduct alleged in this Complaint, Defendants have violated the UCL's proscription against engaging in unlawful conduct—specifically, violations of any civil or criminal, federal, state or municipal, statutory, regulatory or court-made or local law—by virtue of violating, *inter alia*, the FAL and California Civil Code sections 1708-1711, 3336 and 3343.

  b. **Unfair Conduct**: Defendants have violated the UCL's proscription against unfair conduct as a result of engaging in the fraudulent and deceptive conduct alleged in this Complaint. An "unfair" practice is any conduct that is deemed immoral, unethical, oppressive, unscrupulous or substantially injurious. Defendants' unfair conduct also violates the legislative policies underlying the statutory provisions against injuring the person or property of another, the commission of fraud, conversion, and California Civil Code sections 1708-1711, 3336 and 3343 and the legislative policies that inform those statues.

  69. Defendants have engaged in unfair acts and practices based on the acts and practices set forth in the Complaint, including the Fraudulent Scheme described herein, which has resulted in Plaintiffs suffering injury in fact and losing money and property.

  70. Pursuant to section 17203 of the UCL, Plaintiff seek an order of this Court **(a)** declaring that Defendants' conduct was unlawful, fraudulent, and unfair; **(b)** requiring Defendants to make full restitution of all monies wrongfully obtained directly or indirectly from Plaintiff and members of the proposed Class as a result of the conduct described in this Complaint; and **(c)** requiring Defendants to pay Plaintiff's attorney fees and costs.

## FIFTH CLAIM FOR RELIEF—UNJUST ENRICHMENT

71. Plaintiffs hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 70, above, as though fully set forth herein.

72. This claim for relief is against all Defendants.

73. By engaging in the conduct described in this Complaint, Defendants have been unjustly enriched by their breaches of the Purchase Agreements and other unlawful and deceptive conduct.

74. As a proximate result of their unlawful, deceptive, and unfair conduct, Defendants have obtained revenues by which they have become unjustly enriched at Plaintiff and members of the proposed Class's expense. Under the circumstances alleged herein, it would be unfair and inequitable for Defendants to retain the profits they have unjustly obtained at the expense of the Plaintiff and the proposed Class.

75. Accordingly, Plaintiff seeks an order (a) establishing Defendants as constructive trustee of the funds that served to unjustly enrich them, together with interest during the period in which Defendants have retained such funds, (b) requiring Defendants to make full restitution of those funds to Plaintiff and the members of the proposed Class in a manner to be determined by the Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants and each of the DOE Defendants, as set forth more particularly below:

1. For an order an award of compensatory damages, plus prejudgment and post judgment interest at the legal rate;

2. For an order awarding to Plaintiffs punitive and exemplary damages, plus prejudgment and post judgment interest at the legal rate;

**3.** For an award of restitution for Defendants' violations of the FAL and UCL;

**4.** For an order (a) establishing Defendants as constructive trustee of the funds that served to unjustly enrich them, together with interest during the period in which Defendants have retained such funds, (b) requiring Defendants to make full restitution of those funds to Plaintiff and the members of the proposed Class in a manner to be determined by the Court.

**5.** For attorneys' fees and costs of suit herein incurred;

**6.** For such other and further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all such claims for relief triable by a jury.

DATED: December 31, 2020     **DEHENG LAW OFFICES PC**

by   */s/ Yi Yao*

Yi Yao

*Attorneys for Plaintiff*