# EXHIBIT 2

## CONFIDENTIAL TERMINATION AGREEMENT
## AND GENERAL RELEASE

THIS CONFIDENTIAL TERMINATION AGREEMENT AND GENERAL RELEASE (this "Agreement") is made and entered into as of this ___14___ day of ___3_____, 2017 ("Effective Date") by and between Hyde Morgan Development, LLC, a Delaware limited liability company ("Developer") and ___Xiao Xuan Yuan___ ("Client") with reference to the following facts.

### RECITALS

A.  In connection with Developer's planned luxury hotel resort project in the City of Coachella, California and Client's interest in purchasing a condominium unit in the project, Developer and Client entered into certain agreements consisting of a Resort Condominium Purchase and Sale Agreement dated _Nov. 21st, 2015_ and related Unit Lease-Back Agreement and Exclusive Resort Condominium Buy-Back Agreement which together with any escrow agreement and other ancillary agreements are hereinafter collectively referred to as the "Hyde Agreements."

B.  Pursuant to the Hyde Agreements, Client delivered to Developer a reservation deposit in the amount of $_172,000.-_____ ("Reservation Deposit").

C.  Client desires to terminate the Hyde Agreements and obtain a refund of its Reservation Deposit and Developer desires to terminate the Hyde Agreements and refund the Reservation Deposit to Client on the terms and conditions set forth below.

NOW, THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Developer and Client agree as follows:

1.  <u>Termination and Refund of Reservation Deposit</u>. Developer and Client hereby mutually agree to terminate the Hyde Agreements as of the Effective Date. The parties agree that the provisions of the Hyde Agreements and any and all agreements, instruments, certificates or other documents entered into at any time between Developer and Client in connection with Client's interest in purchasing a condominium unit in Developer's Coachella hotel resort project, except this Agreement, are hereby deemed rescinded, terminated and voided <u>ad initio</u> and shall be of no further force and effect for any purpose whatsoever and the transactions, arrangements and relationships set forth therein shall be deemed rescinded and terminated and of no force and effect. Within forty-five (45) business days after Client executes and delivers a signed copy of this Agreement to Developer and provides Developer written wire instructions for the refund of the Reservation Deposit, Developer shall refund the Reservation Deposit to Client by check.

2.  <u>Mutual Release</u>.

    2.1  Except with respect to obligations owed under this Agreement, Developer on behalf of itself and its subsidiaries and affiliates and their respective representatives, successors, assigns, employees, attorneys, advisors and agents (collectively, "<u>Developer</u>

1

Releasing Parties"), for good and sufficient consideration, the receipt of which is acknowledged, release absolutely and forever discharge Client, from any and all actual or possible claims, charges, damages, demands, debts, liabilities, losses, accounts, reckonings, obligations, suits, actions and causes of action of every kind and nature whatsoever, including, but not limited to, those arising under contract, statute or common law, whether or not known or suspected at this time, which the Developer Releasing Parties have, or ever had, owned or held, or hereafter can, shall or may have against Client, based upon, arising out of, related to, or by reason of any cause, occurrence, event, act, fact, circumstance, thing, statement or omission occurring before the date of this Agreement relating to, arising from or in connection with the Hyde Agreements. The release granted pursuant to this Section 2.1 shall be deemed rescinded, terminated and voided and shall be of no further force and effect for any purpose whatsoever to the extent Client fails to fulfill its obligations set forth in Section 3 hereof.

2.2 Except with respect to obligations owed under this Agreement, Client, on behalf of itself and its representatives, administrators, executors, heirs, successors and assigns (collectively, "Client Releasing Parties"), for good and sufficient consideration, the receipt of which is acknowledged, absolutely release and forever discharge Developer and its predecessors, successors, assigns, parents, subsidiaries, divisions, holding companies and affiliates, and each of their respective former, current and future officers, directors, owners, members, managers, employees, contractors, partners, associates, representatives, stockholders, attorneys, advisors and agents (collectively, "Developer Released Parties"), from any and all actual or possible claims, charges, damages, demands, debts, liabilities, losses, accounts, reckonings, obligations, suits, actions and causes of action of every kind and nature whatsoever, whether in law or equity, known or unknown, suspected or unsuspected, which the Client Releasing Parties ever had, now have, or hereafter shall or may have in any way arising out of, in connection with, or by reason of any act, omission, matter cause or thing whatsoever, from the beginning of time through the Effective Date, including but not limited to those arising from, asserted in, or related to the Hyde Agreements.

2.3 It is the intention of the parties in executing this Agreement that this instrument shall be effective as a full and final accord and satisfaction and general release of each and every released matter. **IN FURTHERANCE OF THIS INTENTION, EACH OF THE PARTIES HERETO EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT MIGHT BE CLAIMED BY REASON OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH PROVIDES AS FOLLOWS:**

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

2.4 Nothing in this Agreement shall release any party hereto from the obligations created by this Agreement.

3. Confidentiality/Non-Disparagement. The parties agree that the underlying facts, the fact of the settlement embodied by this Agreement, the terms and conditions of this

2

Agreement and the negotiations pertaining to this Agreement are confidential and shall not be disclosed by any party to any person or entity except to such party's attorneys, accountants or financial advisors provided such attorneys, accountants or financial advisors agree to keep the information strictly confidential or to any taxing authority to the extent required for tax purposes and except to the extent necessary to enforce the terms of this Agreement or to the extent required by law or court order. Client shall not to do or say anything in the future to disparage or otherwise impugn the commercial or personal reputation of Developer and its predecessors, successors, assigns, parents, subsidiaries, divisions, holding companies and affiliates, and each of their respective former, current and future officers, directors, owners, members, managers, employees, contractors, partners, associates, representatives, stockholders, attorneys, advisors and agents. Client shall defend, indemnify and hold harmless the Developer Released Parties from and against any and all damages, judgments, settlements, liabilities, obligations, losses, fines, penalties, costs and expenses (including, without limitation, the actual fees and disbursements of attorneys, accountants, experts and other professionals) that may be paid, incurred, sustained or suffered by the Developer Released Parties as a result of, arising out of or relating to any breach or threatened breach of this Section 3 by either Client or any of its agents, employees, representatives, attorneys and consultants and such indemnity shall survive the termination of this Agreement.

4. Miscellaneous.

   4.1 Amendment and Modification. This Agreement may be amended, modified and supplemented only by written agreement of the parties hereto.

   4.2 Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision shall fail to be in effect only to the extent of such prohibition or invalidity, without invalidating the remainder of this Agreement or of any such provision.

   4.3 Governing Law; Venue. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California. The parties mutually consent to the jurisdiction of the federal and state courts in Orange County, California and agree that any action, suit or proceeding concerning, related to or arising out of this Agreement shall be brought only in a federal or state court in Orange County, California, and the parties agree that they will not raise any defense or objection or file any motion based on lack of personal jurisdiction, improper venue, inconvenience of the forum or the like in any case filed in a federal or state court in Orange County, California.

   4.4 Counterparts; Execution. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument. Delivery of an executed counterpart of this Agreement by facsimile or pdf attachment to electronic mail shall be equally as effective as delivery of an original executed counterpart. Any party delivering an executed counterpart of this Agreement

by facsimile or electronic mail shall also deliver an original executed counterpart of this Agreement, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability and binding effect of this Agreement.

4.5 Entire Agreement. This Agreement supersedes any prior agreements, negotiations and communications, oral or written and contains the entire agreement between the parties as to the subject matter hereof.

4.5 Non-Admission Of Liability. Neither this Agreement nor anything contained herein shall constitute or be construed as an admission by any party hereto as evidence of any liability, wrongdoing, or unlawful conduct.

4.6 Language Version. The Chinese language contained within the Agreement is only for ease of understanding as to the terms and conditions of the Agreement. If there is any inconsistency or conflict between the English and Chinese versions, the English version shall prevail for all purposes.

[SIGNATURES FOLLOW ON THE NEXT PAGE]

IN WITNESS WHEREOF, Developer and Client have executed this Agreement as of the date first written above.

"Developer"

HYDE MORGAN DEVELOPMENT, LLC,
a Delaware limited liability company

By: _*Seren Shi*_____
Name: _____
Title: _____

"Client"

___*Xiaoxuan Yuan*_____
[NAME]

5