Jeffrey L. Fazio (146043) (jfazio@dehengsv.com)
Yi Yao (292563) (yyao@dehengsv.com)
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Attorneys for Plaintiff Jun Wu*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JUN WU, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

RUIXUE SHI, aka SERENA SHI, an individual, COACHELLA VALLEY HOTEL, LLC a California limited liability company, HYDE MORGAN DEVELOPMENT LLC, a Delaware limited liability company, and DOES 1-10, inclusive,

Defendants.

No. 20-cv-11799-FMO (GJSx)

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**

**DATE: October 28, 2021**
**TIME: 10:00 A.M.**
**COURTROOM: 6D**
**TRIAL DATE: N/A**

Hon. Fernando M. Olguin

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that at 10:00 a.m. on October 28, 2021, or as soon thereafter as the matter may be heard by the Honorable Ferdinand M. Olguin at Courtroom 6D of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California, 90012, Plaintiff in the above-captioned consolidated class action will and hereby does move the Court pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3) for an order certifying the claims for relief to proceed to trial as a class action and appointing Plaintiff Jun Wu to serve as a Class Representative of the following class:

> All persons who invested in the "Palm Springs Luxury Hotel Investment Project" (the "Coachella Project") by way of a Resort Condominium Purchase and Sale Agreement ("Purchase Agreement"). Excluded from the proposed Class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees; the Court and its staff; and any investor in the Coachella.

Plaintiff also requests that, by the same order described above, the Court appoint Jeffrey L. Fazio of DeHeng Law Office, P.C. to serve as Class Counsel pursuant to Rule 23(g) and to direct notice to members of the Class pursuant to Rule 23(c).

Plaintiff bases this motion on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the Declarations of Jeffrey L. Fazio, Mei Xuan, Jun Wu, and Fanfan Zhang, the exhibits thereto, any of the evidence on file with the Court and/or that may be presented in support of this motion during the hearing, and on such other written and oral argument presented to the Court.

DATED: September 24, 2021

**DEHENG LAW OFFICE PC**

/s/ *Jeffrey L. Fazio*

Jeffrey L. Fazio

*Attorneys for Plaintiff Jun Wu*

**TABLE OF CONTENTS**

**PAGE**

NOTICE OF MOTION ..... i

I. INTRODUCTION ..... 1

II. SUMMARY OF PERTINENT COMMON FACTS ..... 2

III. PROPOSED CLASS ..... 3

IV. ARGUMENT ..... 3

A. The Proposed Class Satisfies the Requirements of Rule 23(a) ..... 3

1. Numerosity is Satisfied ..... 5

2. Commonality is Satisfied ..... 6

3. Typicality is Satisfied ..... 7

4. Adequacy is Satisfied ..... 7

B. The The Proposed Class Satisfies the Requirements of Rule 23(b) ..... 9

1. Common Questions Predominate as to Each Claim ..... 9

2. A Class Action is Superior to Other Methods of Adjudicating Plaintiffs' Claims ..... 11

C. The The Proposed Class Notice Satisfies Due Process Requirements ..... 12

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

PAGE

## *Cases*


*Allapattah Servs. v. Exxon Corp.*,
333 F.3d 1248 (11th Cir. 2003) .......... 10

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) .......... 4, 9, 12

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) .......... 9

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .......... 11

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) .......... 4

*Bussian v. Daimler Chrylser Corp.*,
2007 WL 1752059 (M.D.N.C. June 18, 2007) .......... 10

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) .......... 4

*Greco v. Ginn Dev. Co., LLC*,
635 F. App'x 628 (11th Cir. 2015) .......... 12

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 6, 9

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .......... 7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .......... 12

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .......... 12

*Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*,
29 Cal. App. 5th 230 (2018) .......... 11

*Ruiz v. XPO Last Mile, Inc.*,
No. 5CV2125 JLS (KSC), 2016 WL 4515859 (S.D. Cal. Feb. 1, 2016) .......... 7

*Sali v. Corona Reg. Med. Center*,
909 F.3d 996 (9th Cir. 2018) .......... 4

*Stockwell v. City & Cty. of San Francisco*,
749 F.3d 1107 (9th Cir. 2014) .......... 4

*Tran v. Sioux Honey Ass'n, Coop.*,
No. 8:17-CV-00110-JLS-SS, 2020 WL 905571 (C.D. Cal. Feb. 24, 2020) .......... 5

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016). .......... 10

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .......... 6

*Wang v. Chinese Daily News, Inc.*,
737 F.3d 538 (9th Cir. 2013) .......... 4

*Wright v. Linus Enterprises, Inc.*,
259 F.R.D. 468 (E.D. Cal. 2009) .......... 12

***Rules***

Fed. R. Civ. P. 23(a) .......... passim

Fed. R. Civ. P. 23(b) .......... i, 4, 9, 11

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) .......... 8

***Treatises***

William Rubenstein, Alba Conte & Herbert B. Newberg,
NEWBERG ON CLASS ACTIONS § 4:49 (5th ed. 2013) .......... 10

# I. INTRODUCTION

In 2015, Defendants Ruixue Shi, Coachella Valley Hotel, LLC, and Hyde Morgan Development, LLC (collectively, "Defendants") began perpetrating a scheme to defraud unsuspecting investors, most of whom, like Plaintiff Jun Wu, were residents of China. Defendant Shi, who created and managed the entity Defendants, represented to prospective investors that they could purchase luxury condominimum units at a 47-acre development in the Coachella Valley, and that if they provided a 40% down payment, Defendants would help them finance the balance of the purchase price.

Impressed by Defendants' promotion of the project, Plaintiff Wu entered into a standard purchase agreement by which he invested in a $400,000 condominium unit in exchange for wiring Defendants a $180,000 down payment. Shortly after entering the contract, however, Plaintiff learned that the project was not "delayed," as Defendants had claimed, it was never going to be built: Defendants had not purchased only one of the three parcels comprising the 47-acre project, and the parcel that was purchased sat between the other two parcels and had no access to a major thoroughfare so the City of Coachella would not issue building permits in any event.

The FBI arrested Defendant Shi on federal wire fraud charges in June 2017 and reported that she had collected at least $21.6 million from unsuspecting investors in the project.

Plaintiff brought this action in December 2020 and served Defendants with the summons and complaint. When none filed a responsive pleading, defaults were entered against each Defendant. Plaintiff now seeks to certify this action as a class action. As discussed below, each of the relevant Rule 23 criteria has been satisfied. Accordingly, Plaintiff respectfully requests that the Court grant this motion.

## II. SUMMARY OF PERTINENT COMMON FACTS

Defendants solicited investors to pay between $400,000 to $700,000 for a condominium unit at the "Palm Springs Luxury Hotel Investment Project" (the "Project"), a 47-acre resort and condominium development that was located in Coachella Valley, California, and was ostensibly owned and operated by Defendant Hyde Morgan. ECF No. 1 (Complaint) ¶¶ 17-18.

As an enticement to buy one or more of the units, Defendants told prospective investors that if they paid 40% of the purchase price as a down payment, Defendants would help investors to pay the remaining balance through a loan from banks in the United States. Plaintiff and other prospective investors were also told that Hyde Morgan would (a) lease the condominium units back from the investors; (b) guarantee each investor an annual payment equal to 12% of the total purchase price during the lease-back period (which was a minimum of five years). *Id.* ¶ 19.

Defendants assured prospective investors that they had purchased the property on which the Project would be built, that all the necessary permits and municipal approvals had been obtained, and that the project would be substantially complete by December 31, 2016. *See id.* ¶¶ 20, 26. Defendants then issued press releases to promote the Project in which Defendants represented, *inter alia*, that they had partnered with a major luxury hotel and nightlife chain, SBE Entertainment, and obtained celebrity endorsements. *Id.* ¶ 21. Defendants also distributed promotional messages through WeChat (a Chinese social media application that is used by the vast majority of the population in China) and Defendant Shi gave in-person sales presentations to prospective investors at luxury hotels. *Id.*

When the Project did not materialize, Defendant Shi told investors that the project had been delayed and that construction would begin in March 2017. *Id.* ¶¶ 26-27. Actually, however, there was no Project because Defendants never purchased the land on which it was to be built. Defendant Shi had signed contracts for the purchase of three separate parcels comprising the 47-parcel development, but she failed to pay

the purchase price for two of the parcels, leaving the third "landlocked"—meaning that the parcel had no access to a major thoroughfare—which resulted in the City of Coachella declining to approve construction permits. *Id.* ¶ 26 & n. 2. Nonetheless, Defendant Shi continued to live a lavish lifestyle, spending millions on luxury travel, clothing, cars, and real property. ECF No. 1 ¶ 25.

Unaware that Defendants had been misusing investor funds and had not purchased the land on which the Project was to be built, Plaintiff Wu entered into a Purchase Agreement with Defendant Hyde Morgan on September 20, 2016, and wired $180,000 (*i.e.*, 40 percent of the total price of the unit he chose to buy) to Defendants. *Id.* ¶ 29 & Ex. 1. And, by December 2017, Defendants collected at least $21.6 million from investors. *See* Request for Judicial Notice ("RJN"), Ex. 1 ¶¶ 12-16 (affidavit of FBI agent assigned to Complex Financial Crimes Unit that arrested Defendant Shi on criminal fraud charges).

When Plaintiff and other proposed Class Members became concerned about their investments in early 2017, Defendants made a series of excuses and even offered to refund investors' money. *See* ECF No. 1 ¶¶ 31-33. The refunds never materialized. *Id.* ¶ 35. And on June 17, 2020, Defendant Shi was arrested on federal wire fraud charges. *Id.* ¶ 36.

## III. PROPOSED CLASS

Plaintiff seeks to represent a class composed of all persons who invested in the Project by way of a Purchase Agreement. Excluded from the proposed Class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees; the Court and its staff; and any investor in the Coachella. ECF No. 1 ¶ 42.

## IV. ARGUMENT

### A. The Proposed Class Satisfies the Requirements of Rule 23(a)

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories

under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). Plaintiffs seek to certify this action as a class action pursuant to Rule 23(b)(3).

In deciding whether to certify a class, a district court has broad discretion and undertakes a "rigorous analysis" to ensure that the plaintiffs have met the prerequisites of Rule 23, but a "rigorous analysis" does not equate to a min-trial. *See Sali v. Corona Reg. Med. Center*, 909 F.3d 996, 1004 (9th Cir. 2018) ("Because a class certification decision is far from a conclusive judgment on the merits of the case, it is of necessity . . . not accompanied by the traditional rules and procedure applicable to civil trials . . . . And transforming a preliminary stage into an evidentiary shooting match inhibits an early determination of the best manner to conduct the action") (citations an inner quotation marks omitted); *Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1111–12 (9th Cir. 2014) ("'[W]hether class members could actually prevail on the merits of their claims' is not a proper inquiry in determining the preliminary question "whether common questions exist") (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n. 8 (9th Cir. 2011)) (brackets in original).

To satisfy Rule 23(a), the moving party must meet "four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses 'are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class)." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (citation, inner quotation marks, ellipses, and brackets omitted).[1]

Each of these criteria is satisfied here.

---

[1] The judicially-created "ascertainability" requirement is no longer a prerequisite to class-certification. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017).

### 1. *Numerosity is Satisfied*

"Numerosity" requires that the proposed classes be "so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). Although there is no fixed numerical threshold, "[i]n general, 'classes of forty or more are considered sufficiently numerous.'" *Tran v. Sioux Honey Ass'n, Coop.*, No. 8:17-CV-00110-JLS-SS, 2020 WL 905571, at *2–3 (C.D. Cal. Feb. 24, 2020) (internal citations omitted). Moreover, "Plaintiff[] need not state an exact number to meet the threshold requirements of Rule 23. Rather, the rule 'requires examination of the specific facts of each case and imposes no absolute limitations.'" *West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 (N.D. Cal. 2017) (quoting *Gen. Tel. Co. of the Nw. Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980)).

Here, the proposed class is composed of at least 160 investors in the Coachella Project, which Plaintiff's counsel ascertained by working from a list provided by the former sales manager of the Coachella Project, Fanfan Zhang. *See* Declaration of Fanfan Zhang ¶¶ 2–4 & Ex. 1; Declaration of Mei Xuan in Support of Motion for Class Certification ("Xuan Decl.") ¶ 2. Plaintiff's counsel contacted all but eight of the investors identified on that list, of whom 55 provided Plaintiff's counsel with copies of their Purchase Agreements and/or proof of payments to Defendants; two investors explained that he had already reached a settlement with Defendants; and six others had invested in a different project. *See* Xuan Decl. ¶¶ 6–7.

In addition to the contact information on the list of investors, Plaintiff's counsel used WeChat (the most commonly used social media/communications application in China) and the internet to contact 12 more investors in the Coachella Project who were not included on the list, resulting in a total of at least 160 investors. *See id.* ¶¶ 5–7. Moreover, Defendants collected at least $21,600,000 from investors who purchased condominium units at between $400,000 to $700,000 each, *see* RJN, Ex. 1 ¶¶ 12–16, thereby underscoring that the proposed class satisfies the numerosity requirement, *see, e.g.*, *West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295, 303–05 (N.D. Cal. 2017)

(evidence indicating that the defendant had placed calls to over 600,000 phone numbers sufficient to establish numerosity in Telephone Consumer Protection Act case); *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 337 (C.D. Cal. 2016) (23 declarations from individuals denied break periods sufficient to conclude that numerosity established in wage-and-hour case).

**2. *Commonality is Satisfied***

"Commonality" requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Quantitatively, "even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011) (brackets, citations, and inner quotation marks omitted). Qualitatively, the inquiry is whether, at the proper time, the common question is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350.

Here, all the investors in the Coachella Project received and executed a Purchase Agreement; provided Defendants with the requisite down payment, which ranged in amounts depending on the price of the condominium and the amount each proposed Class Member decided to pay; and received nothing in return because the Project was never built. *See, e.g.*, ECF No. 1 ¶¶ 31–35. Thus, the core questions include whether Defendants breached the Purchase Agreements; whether Defendant Shi aided and abetted the breaches of the Purchase Agreements; whether Defendants have violated the UCL and the FAL; and whether Defendants have been unjustly enriched as a result of their unlawful and deceptive conduct. *See id.* at ¶ 47.

The Court's determination of these questions will resolve core issues central to the validity of each and every one of the Plaintiffs and the proposed Class Members' claims in a single stroke. Accordingly, commonality under Rule 23(a)(2) has been satisfied

**3. *Typicality Is Satisfied***

"Typicality" requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The test is "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations and inner quotation marks omitted).

In the present case, both Plaintiffs and each proposed Class Member executed a Purchase Agreement to buy a condominium unit of membership in the Project, but never received a condominium or the return of the amounts they paid Defendants. Thus, Plaintiff shares a common legal injury with other Class Members for which Plaintiff seeks damages and equitable relief. In other words, Plaintiff and all proposed Class Members share the same injury arising from the same conduct; assert the same claims; and the same facts and legal arguments will be used to prove Defendants' liability. *See Hanlon*, 150 F.3d at 1020 (holding that class representative's claims "need not be substantially identical," but, rather, must be "reasonably co-extensive"); *Ruiz v. XPO Last Mile, Inc.*, No. 5CV2125 JLS (KSC), 2016 WL 4515859, at *8 (S.D. Cal. Feb. 1, 2016) ("Plaintiff's claims are typical of the putative class because Plaintiff and the putative class of Drivers were subject to the same contractual agreements and company policies and procedure"). Thus, typicality is satisfied.

**4. *Adequacy is Satisfied***

"Adequacy" requires that a class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two questions are relevant to the

analysis: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, the answers to these questions are "No" and "Yes," respectively.

*First*, Plaintiff's interests do not conflict with those of other proposed Class Members, and Plaintiff (1) has claims arising from the same facts and supported by the same legal theories as the claims of putative Class Members; (2) bought or leased a Class Vehicle equipped with a defective inverter; (3) was harmed in the same way as every other Class Member; (4) is well aware of his or her duties as class representatives; (5) has demonstrated his or her commitment to their roles as class representatives by actively participating in this litigation; and (6) has no interest antagonistic to proposed Class Members. *See generally* Declaration of Jun Wu; *generally* Declaration of Jeffrey L. Fazio in Support of Class Certification ("Fazio Decl.") ¶ 2.

*Second*, Plaintiff has retained experienced counsel, who have devoted the time and resources necessary to vigorously prosecute this case since its inception. *See* Fazio Decl. ¶¶ 3–5. To assess counsel's adequacy, the Court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Proposed class counsel has decades of experience successfully litigating class actions and/or other forms of complex litigation, including a successful jury trial involving the same defect at issue in the present action. *See* Fazio Decl. Counsel has also devoted considerable effort and resources to the prosecution of this lawsuit, and will continue to devote the necessary resources and diligence required to prosecute

this case through trial and, if need be, on appeal. *See* Fazio Decl. ¶¶ 3–23. Accordingly, Plaintiff respectfully submits that adequacy is satisfied, and requests that the Court appoint him as a class representative, and to appoint Jeffrey L. Fazio of DeHeng Law Office, P.C., as class counsel pursuant to Rule 23(g)(1).

**B. The Proposed Class Satisfies the Requirements of Rule 23(b)**

To certify a class under Rule 23(b), Plaintiffs must also demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members [("predominance")], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [("superiority")]." Fed. R. Civ. P. 23(b).

***1. Common Questions Predominate as to Each Claim***

A Plaintiff seeking to certify a class action under Rule 23(b)(3) must satisfy the rule's predominance and superiority requirements. "Predominance" requires that the common questions identified herein "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b). The ultimate question is '"whether proposed classes are sufficiently cohesive to warrant adjudication by representation."' *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (citing *Amchem*, 521 U.S. at 623-24).

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citations and inner quotation marks omitted). Here, too, Plaintiffs need only show that common questions outweigh individual questions; there is no requirement that Plaintiffs prove that those questions will ultimately be answered in their favor on the merits. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013).

In other words, the Rule 23(b)(3) analysis does not turn on whether there are individual issues; there are some individual issues in virtually every situation in which

class certification is sought. "The required predominance of common issues does not mean that individual issues must be nonexistent." *Bussian v. Daimler Chrylser Corp.*, 2007 WL 1752059, at *7 (M.D.N.C. June 18, 2007). Rather, Rule 23(b)(3) focuses on whether common issues predominate, in a qualitative sense, over any individual issues so that class treatment can effectively vindicate the rights at issue in a given dispute. William Rubenstein, Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 4:49 (5th ed. 2013). "Predominance therefore asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id*. A single aggregation-enabling issue can satisfy the predominance requirement even when other elements of the claim require individualized proof. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Indeed, "[a]n overwhelming number of courts have held that claims arising out of form contracts are particularly appropriate for class action treatment." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) (citing cases). Thus, in their predominance determination, when the underlying claim is based on an alleged breach of a form contract, courts examine the case focusing on the alleged breach, not damages, which may be "highly individualized." *See Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1260–61 (11th Cir. 2003); *In re Med. Cap. Sec. Litig.*, No. SACV-09-1048 DOC, 2011 WL 5067208, at *3 (C.D. Cal. July 26, 2011).

The predominant duties Plaintiff is claiming Defendants violated here arise from the Purchase Agreement, which are virtually identical for Plaintiff and every proposed Class Member. The predominant liability question (for breach of contract) is whether breached those agreements. And because the legal rights and duties at issue in this case are identical with respect to Plaintiff and each of the proposed Class Members, the resolution of Plaintiff's claims are subject to class-wide proof. If Plaintiff establishes an entitlement to an award of damages as a result Defendants' common course of conduct, doing so would directly impact (and either advance or not

advance) every Class Member's claims for breach of contract (as well as part of the UCL claim). *See* ECF No. 1 ¶¶ 49–60, 68–70.

Similarly, regardless of whether they arise under the UCL or the False Advertising Law, both fraud-based claims are based on the same conduct: Defendants' misrepresentations and omissions in connection with soliciting the sale of condominium units in the Project. *See id.* ¶¶ 61–70. Moreover, "[g]enerally, one who is unjustly enriched at the expense of another is required to make restitution." *Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018). To prevail on their unjust enrichment claim, Plaintiffs need only show that Toyota "has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (*citing* 55 Cal. Jur. 3d Restitution § 2.). The remedy for unjust enrichment is tydpically "[t]he return of that benefit." *Id*. Given the straightforward nature of this claim, the same common evidence applicable to Plaintiff's other causes of action applies equally to this one. Accordingly, predominance is satisfied.

**2. *A Class Action is Superior to Other Methods of Adjudicating Plaintiffs' Claims***

The superiority requirement tests whether "the class action is the most efficient and effective means of resolving the controversy." *Wolin*, 617 F.3d at 1176 (citations and inner quotation marks omitted). Factors relevant to this analysis include the interests of proposed class members in individually prosecuting separate actions; the existence of other litigation concerning the same subject matter by or against proposed class members; whether to concentrate the litigation in this forum; and whether the case is manageable as a class action. *See* Fed. R. Civ. Proc. 23(b)(3)(A)-(D).

In this case, there has been no challenge to this forum (or even a responsive pleading filed), and Plaintiff is not aware of any similar litigation. Moreover, satisfying the relevant class-certification criteria (as Plaintiff respectfully submits, this case does) also satisfies any questions concerning manageability; as demonstrated

above, the issues to be tried in this case are readily justiciable by a single jury. Thus, it is far more efficient to litigate Plaintiff's claims on a classwide basis rather than in numerous individual and overlapping lawsuits. *Wolin*, 617 F.3d at 1176. *See also Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights"). The same is true here.

**C. The Proposed Class Notice Satisfies Due Process Requirements**

Plaintiff proposes to distributed the proposed Class Notice by way of first-class mail and by various electronic media, including email and WeChat. *See* Fazio ¶ 24 & Ex. 1. Thus, the proposed Class Notice constitutes the best notice practicable because it is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–12 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). *See also Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 633 (11th Cir. 2015) ("We have interpreted Rule 23 to require that class members be given 'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action,' though the notice need not include every material fact or be overly detailed") (citations and inner quotation marks omitted); *Wright v. Linus Enterprises, Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) (taking all steps that are reasonably necessary to ensure class members receive notice using the most up-to-date addresses available "is the best practicable means available under the circumstances, and is reasonably calculated to provide notice to potential class members").

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion.

DATED: September 24, 2021

**DEHENG LAW OFFICES PC**

/s/ *Jeffrey L. Fazio*
Jeffrey L. Fazio

*Attorneys for Plaintiff Jun Wu on behalf of himself and all others similarly situated*